UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOR AHMADD BISHOP,

        Plaintiff,

    v.

S. MOHR,

        Defendant.

No. 2:21-cv-0849 CKD P

ORDER

        Plaintiff is a state prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Having conducted the required screening, the court finds that plaintiff may proceed on claim 1 in his complaint in which plaintiff claims he was subjected to excessive force in violation of the Eighth Amendment. Claims 2 and 3 are vague and are not claims upon which plaintiff can proceed. At this point, plaintiff has two options: 1) proceed on claim 1; or 2) attempt to cure the deficiencies in claims 2 and 3 in an amended complaint. In considering whether to amend, the court advises plaintiff as follows:

1. Plaintiff's amended complaint must be legibly written.

2. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

3. Generally speaking "an unauthorized intentional deprivation of property by a state employee" does not amount to a violation of federal law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984).

4. Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

/////

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on claim 1 in his complaint, or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in claims 2 and 3. If plaintiff does not return the form, this action will proceed claim 1.

Dated: June 30, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/mp
bish0849.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOR AHMADD BISHOP,<br><br>        Plaintiff,<br><br>  v.<br><br>S. MOHR,<br><br>        Defendant. | No. 2:21-cv-0849 CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on claim 1 in his complaint; or

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

 

                                                                                   Plaintiff